Terri Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

CAUSE NO. 2020-032

| | | |
|---|---|---|
| **RICHARD VICKERS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **RUSK COUNTY, TEXAS** |
| | § | |
| **ALEXANDER DAVID HAHN AND** | § | |
| **ROEHL TRANSPORT INC.** | § | 4th   **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Richard Vickers and files this Original Petition complaining of and against Alexander David Hahn (hereinafter sometimes referred to as "Hahn") and Roehl Transport Inc. (hereinafter sometimes referred to as "Roehl"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1.1     Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, and a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

1.2     Plaintiff intends to conduct discovery in this matter under Level 3 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2.1     Plaintiff is a resident of the State of Texas. The last three digits of Plaintiff's driver's license number are 716.

2.2     Defendant, Alexander David Hahn is a resident of Rusk County, Texas and, upon information and belief, may be served with process at his last known address of 5815 County Road 814 West, Kilgore, Texas 75662, or wherever he may be found. The issuance of citation and service of process on this Defendant is hereby requested.

2.3     Defendant Roehl Transport Inc. is a foreign for-profit corporation doing business in the State of Texas. This Defendant may be served with process by and through its registered owner: Eric Barber, 6700 W. 15th Avenue, Gary, IN 46402, or wherever he may be found. The issuance of citation and service on this Defendant is requested at this time.

### III. JURISDICTION & VENUE

3.1     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

3.2     Venue is proper in Harris County, Texas, pursuant to §15.002(a)(1), Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

3.3     The Court has jurisdiction over Defendant Hahn because he is domiciled in Texas and/or resides in this State.

3.4     This is a cause of action for injunctive relief and money damages within this Court's jurisdiction.

### IV. FACTUAL BACKGROUND

4.1     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

4.2     On or about June 18, 2018, Plaintiff was cautiously and prudently operating his vehicle in a cautious and prudent manner traveling southbound on FM 209 in Rusk County, Texas. Defendant Alexander David Hahn was recklessly operating his vehicle directly in front of Plaintiff traveling southbound on FM 209 in a vehicle owned by Defendant Roehl Transport, Inc. Suddenly and without warning, Defendant Alexander David Hahn reversed his tractor trailer and collided with the front of Plaintiff's vehicle.

4.3 So violent was the impact that Plaintiff suffered great bodily injuries and other damages as a result of this collision.

## V. NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT ALEXANDER DAVID HAHN

5.1 Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

5.2. Defendant Hahn had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Hahn's negligent, careless, and reckless disregard of said duty.

5.3. The negligent, careless, and reckless disregard of the duty of Defendant Hahn consisted of, but is not limited to, the following acts and omissions:

a. Defendant Hahn failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b. Defendant Hahn was operating his truck at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

c. Defendant Hahn failed to timely apply the brakes of the vehicle in order to avoid the collision in question;

d. Defendant Hahn failed to blow his horn to warn of imminent collision;

e. Defendant Hahn failed to back his truck when the movement could be made safely and without interference with other traffic in violation of Texas Transportation Code §545.415(a); and

f. Defendant Hahn failed to maintain an assured clear distance between the Defendant' vehicle and the Plaintiff's vehicle, considering the speed of the vehicles, traffic, and the conditions of the highway.

5.4    Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life, and other losses to Plaintiff.

## VI. NEGLIGENCE OF DEFENDANT ROEHL TRANSPORT INC.

6.1    Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

6.2    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Cooper was driving a truck owned and operated by Defendant ROEHL and was in the course and scope of his employment with Defendant ROEHL.

6.3    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Cooper was engaged in the furtherance of Defendants ROEHL's business.

6.4.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Cooper was engaged in accomplishing a task for which he was employed.

6.5.    Plaintiffs invoke the doctrine of *respondeat superior* against Defendant ROEHL.

6.6    Defendant ROEHL is liable under the doctrine of *respondeat superior* in that Defendant Cooper was operating a vehicle in the course and scope of his employment with Defendant ROEHL at the time of the incident made the basis of this litigation.

6.7    Defendant ROEHL is also negligent in one or more of the following respects:

    a.    Negligent hiring of their driver;

      b.    Negligent training;

      c.    Negligent supervision;

      d.    Negligent retention;

      e.    Negligent entrustment of the Defendant ROEHL's vehicle;

      f.    Defendant ROEHL failed to implement adequate safety programs for the prevention of collisions by Defendants ROEHL's employees in violation of motor carrier fleet industry standards;

      g.    Defendants ROEHL failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of drivers of its vehicles occurred;

      h.    Defendants ROEHL placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred; and

      i.    Defendant ROEHL failed to instate adequate policies and procedures to prevent the entrustment of vehicles to incompetent and unsafe drivers of its vehicles.

6.8    As described herein, Defendant ROEHL was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

6.9    Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, gross negligence, and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future.

## VII.    **EXEMPLARY DAMAGES**

7.1    Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

7.2   The above-referenced acts and/or omissions by each of the Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

7.3    Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

7.4   Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

7.5   Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VIII.   DAMAGES

8.1   Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

8.2    As a direct and proximate result of the negligence and gross negligence of Defendants, Plaintiff suffered severe bodily injuries. His entire body was bruised, battered and contused and she suffered great shock to his entire nervous system.  The injuries are permanent in nature.  The injuries have had a serious effect on the Plaintiff's health and well-being.  Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for

his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

      8.3      Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered the following damages:

    a.    Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

    b.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment, which will, in all reasonable probability, be suffered in the future;

    g.    Lost wages in the past;

    h    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i.    Mental anguish in the past;

  j. Mental anguish which will, in all reasonable probability be suffered in the future;

  k. Fear of future disease or condition;

  l. Disfigurement;

  m. Cost of medical monitoring and prevention in the future;

  n. Property damage; and

  o. Loss of household services and loss of use.

### IX. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

9.1 Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section

9.2 These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter.  As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case.  The right to do so is, under Texas law, expressly reserved.

### X. REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

10.1 Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section

10.2 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

## XI. POST-JUDGMENT AND PRE-JUDGMENT INTEREST

11.1 Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth in full in this section.

11.2 Plaintiff seeks prejudgment and post judgment interest at the maximum legal rate

## XII. JURY DEMAND

12.1 Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands a trial by jury and the appropriate fee is being tendered.

## XIII. RULE 193.7 NOTICE

13.1 Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendants that any and all documents produced by Defendants in response to written discovery may be used against each Defendant and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## XIV. PRAYER

14.1 WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**STEWART J. GUSS, ATTORNEY AT LAW**

*/s/ Adrea R. Yoss*
Adrea R. Yoss
TBN: 24070898
Ryan Berchelmann
TBN: 24078225
Jason J. Ruen
TBN: 24072316
9777 Jones Road, Suite 297
Houston, Texas 77070
(281) 664-6500
(281) 664-6501 Facsimile
Email: adrea.yoss@attorneyguss.com
E-Service: SJG-Service@attorneyguss.com

ATTORNEYS FOR PLAINTIFF